# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO DULANEY,<br><br>    Plaintiff,<br><br>    v.<br><br>JERRY DYER, FRESNO POLICE DEPARTMENT, FRESNO POLICE OFFICER RICHARD BADILLA, FRESNO POLICE OFFICER MATHEW SILVER<br>    Defendant. | Case No. 1:14-cv-1051-LJO-BAM<br><br>SCREENING ORDER REQUIRING PLAINTIFF TO EITHER FILE FIRST AMENDED COMPLAINT OR NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY ON COGNIZABLE CLAIM<br>(ECF No. 1)<br><br>THIRTY-DAY DEADLINE |

## SCREENING ORDER

Plaintiff Mario Dulaney ("Plaintiff") appears to be a pretrial detainee[1] proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's Complaint, filed on July 3, 2014, is currently before the Court for screening. Plaintiff has consented to magistrate judge jurisdiction. Plaintiff names Police Chief Jerry Dyer, the Fresno Police Department, Fresno Police Officer Richard Badilla, and Fresno Police Officer Mathew Silver as defendants.

**Screening Requirement**

The Court is required to screen complaints brought by persons proceeding in pro per. 28

---
[1] The allegations are unclear if Plaintiff is a pretrial detainee or a sentenced prisoner. For purposes of this order, the Court will assume Plaintiff is a pretrial detainee. The events arise before plaintiff's arrest. Plaintiff alleges his rights against cruel and unusual punishment have been violated. As explained below, the violations claimed in the complaint occurred pre-arrest and therefore arise under the Fourth Amendment. *Arpin v. Santa Clara Valley Transportation Agency*, 261 F.3d 912, 921 (9th Cir.2001).

1

U.S.C. § 1915A(a). Plaintiff's Complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc*., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

While persons proceeding pro se actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, the pleading standard is now higher, *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); *Moss v. United States Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); *Moss*, 572 F.3d at 969.

**Plaintiff's Allegations**

Plaintiff is incarcerated in the Fresno County Jail. On an unidentified date, Officer Badillo stopped Plaintiff while Plaintiff was on his bike. After Plaintiff continued on his way, Officer Badilla drove alongside Plaintiff and then jumped out of the car and pushed Plaintiff into a chain link fence. Plaintiff fell to the ground. Officer Badilla started kicking Plaintiff about the

head, neck, face, ribs, and stomach and hitting him with a flashlight. Plaintiff alleges he was injured and taken to the hospital. Plaintiff requests $10,000,000 in damages and that the Court fire defendant Dyer, Officer Badilla, Officer Silver. (Doc. 1, p.4-5.)

## **DISCUSSION**

As discussed more fully below, Plaintiff's complaint fails to comply with Federal Rule of Civil Procedure 8 and fails to state a cognizable claim. Plaintiff will be given leave to amend his complaint. To assist Plaintiff in amending his complaint, the Court provides the following pleading and legal standards that apply to his claims.

### A. Federal Rule of Civil Procedure 8

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. *Id.*; see also *Twombly*, 550 U.S. at 556–557; *Moss*, 572 F.3d at 969.

While the complaint is short, Plaintiff's complaint does not clearly set forth the factual allegations underlying his claims. Plaintiff fails to describe specific actions taken by the defendants named in his complaint that violated his constitutional rights. If Plaintiff elects to amend his complaint, he must set forth factual allegations against each named defendant sufficient to state a claim.

### B. Fresno Police Department

A claim for civil rights violations pursuant to 42 U.S.C. § 1983 requires a "person" who acted under color of state law. 42 U.S.C. § 1983. Local governmental units, such as counties or municipalities, are considered "persons" within the meaning of Section 1983. *Will v. Michigan*

*Dept. of State Police*, 491 U.S. 58, 70, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989). Municipal departments and sub-units, including police departments, are generally not considered "persons" within the meaning of Section 1983. *United States v. Kama*, 394 F.3d 1236, 1239 (9th Cir.2005) (Ferguson, J., concurring) (findings municipal police departments and bureaus are generally not considered "persons" within the meaning of 42 U.S.C. § 1983); *see also Sanders v. Aranas*, 2008 WL 268972, *3 (the Fresno Police Department is not a proper defendant because it is a sub-department of the City of Fresno and is not a person within the meaning of § 1983).

A municipality may not be held responsible for the acts of its employees under a respondent superior theory of liability. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); *Fuller v. City of Oakland*, 47 F.3d 1522, 1534 (9th Cir.1995). Rather, to state a claim for municipal liability, a plaintiff must allege that he suffered a constitutional deprivation that was the product of a policy or custom of the local government unit. *See City of Canton, Ohio, v. Harris*, 489 U.S. 378, 385, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989). A claim against a local governmental unit for municipal liability requires an allegation that "a deliberate policy, custom or practice ... was the 'moving force' behind the constitutional violation ... suffered." *Galen v. County of Los Angeles*, 477 F.3d 652, 667 (9th Cir.2007) (citing *Monell*, 436 U.S. at 694–695.)

The Fresno Police Department is not a proper defendant because it is a sub-division of the City of Fresno.  Plaintiff also has failed to allege facts demonstrating that the constitutional violations were caused by a deliberate policy, custom or practice.  If plaintiff elects to amend his complaint, he must allege the proper political subdivision and a municipal policy, custom or practice.

**C.  Linkage Requirement**

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution ... shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. *See Monell v. Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); *Rizzo v. Goode*, 423 U.S. 362, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff has failed to link Defendants Dyer and Fresno Police Officer Mathew Silver to any constitutional violation.  If Plaintiff elects to amend his complaint, Plaintiff must link the actions of these defendants to an alleged deprivation.

### D.  Supervisory Liability

To the extent Plaintiff seeks to hold Defendant Dyer (or any other defendant) liable based upon their supervisory positions, he may not do so.  Liability may not be imposed on supervisory personnel for the actions or omissions of their subordinates under the theory of respondeat superior. *Iqbal*, 556 U.S. at 676–77; *Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1020-21 (9th Cir. 2010); *Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).  Supervisors may be held liable only if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); accord *Starr v. Baca*, 652 F.3d 1202, 1205-06 (9th Cir. 2011); *Corales v. Bennett*, 567 F.3d 554, 570 (9th Cir. 2009); *Preschooler II v. Clark County School Board of Trustees*, 479 F.3d 1175, 1182 (9th Cir. 2007); *Harris v. Roderick*, 126 F.3d 1189, 1204 (9th Cir. 1997).

Plaintiff has not alleged that Defendant Dyer were personally involved the alleged Constitutional deprivation or that he instituted a deficient policy.

### E.  Excessive Force

"Under the Fourth Amendment, officers may only use such force as is 'objectively reasonable' under the circumstances." *Jackson v. City of Bremerton*, 268 F.3d 646, 651 (9th

Cir.2001) (citing *Graham v. Conner*, 490 U.S. 386, 397 (1989)).  The Fourth Amendment's objective reasonableness standard applies.  *Lolli v. County of Orange*, 351 F.3d 410, 415 (9th Cir. 2003).  The inquiry is whether Defendants' actions were objectively reasonable in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation.  *Id.* (citing *Graham*, 490 U.S. at 397) (quotation marks omitted).  The nature and quality of the intrusion on Plaintiff's Fourth Amendment interests must be balanced against the countervailing governmental interests at stake.  *Id.* (citing *Graham*, 490 U.S. at 397) (quotation marks omitted).  Factors may include the severity of the incident giving rise to the use of force, whether Plaintiff posed an immediate threat to the safety of Defendants or others, and whether Plaintiff was actively attempting to avoid being subdued or brought under control.  *See Gibson,* 290 F.3d at 1198 (citation omitted).

Plaintiff has stated a cognizable claim for excessive force under the Fourth Amendment for Officer Badilla, but fails to state a claim against any other defendant.

### F.  Prayer Requesting Equitable Relief

The complaint asks in the prayer to have the Court fire Chief Jerry Dyer, Officer Badilla, and Officer Silver.  The Court construes this request for relief as a request for injunctive relief.  For each form of relief sought in federal court, Plaintiff must establish standing.  *Mayfield v. United States*, 599 F.3d 964, 969 (9th Cir. 2010), *cert.denied*, 131 S. Ct. 503 (2010).  This requires Plaintiff to "show that he is under threat of suffering 'injury in fact' that is concrete and particularized; the threat must be actual and imminent, not conjectural or hypothetical; it must be fairly traceable to challenged conduct of the defendant; and it must be likely that a favorable judicial decision will prevent or redress the injury."  *Summers v. Earth Island Institute*, 129 S. Ct. 1142, 1149 (2009) (citation omitted).  The federal court's jurisdiction is limited in nature and its power to issue equitable orders may not go beyond what is necessary to correct the underlying constitutional violations which form the actual case or controversy.  18 U.S.C. § 3626(a)(1)(A); *Summers v. Earth Island Institute*, 555 U.S. 488, 493, 129 S.Ct. 1142, 1149 (2009); *Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83, 103-04, 118 S.Ct. 1003 (1998); *City of Los Angeles v.*

*Lyons*, 461 U.S. 95, 101, 103 S.Ct. 1660, 1665 (1983); *Mayfield v. United States*, 599 F.3d 964, 969 (9th Cir. 2010).

The equitable relief requested by Plaintiff is not related to the underlying claims that Defendants of excessive force. Since the relief sought would not remedy the violation of the Federal right at issue here, the Court cannot grant the requested relief and Plaintiff's prayer for injunctive relief shall be dismissed.

## CONCLUSION AND ORDER

Plaintiff's complaint states a cognizable claim against Defendant Police Officer Badilla for excessive force in violation of the Fourth Amendment, but does not state any other claims for relief under section 1983. The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order. *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

If Plaintiff does not wish to file an amended complaint and is agreeable to proceeding only against Defendant Police Officer Badilla on the single Fourth Amendment claim, Plaintiff may so notify the Court in writing. The remaining defendants and claims will then be dismissed, and the Court will provide Plaintiff with the requisite forms to complete and return so that service of process may be initiated.

If Plaintiff elects to amend, Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what the named defendant did that led to the deprivation of Plaintiffs' constitutional rights, *Iqbal*, 556 U.S. at 678-79, 129 S.Ct. at 1948-49. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." *Twombly*, 550 U.S. at 555 (citations omitted). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, an amended complaint supersedes the original complaint, *Forsyth v. Humana, Inc.,* 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220. Therefore, "[a]ll causes of action alleged in an original complaint which are not alleged in

an amended complaint are waived." *King*, 814 F.2d at 567 (citing to *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981)); *accord Forsyth*, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's Complaint is dismissed for failure to state a cognizable claim;

2. Within **thirty (30) days** from the date of service of this order, Plaintiff must either:

   a. File an amended complaint curing the deficiencies identified by the Court in this order, **or**

   b. Notify the Court in writing that he does not wish to file an amended complaint and is willing to proceed only against Defendant Police Officer Badilla for excessive force in violation of the Fourth Amendment.

3. <u>If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order.</u>

IT IS SO ORDERED.

Dated:   **October 8, 2014**             /s/ *Barbara A. McAuliffe*
                                         UNITED STATES MAGISTRATE JUDGE