# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO DULANEY,<br><br>    Plaintiff,<br><br>v.<br><br>JERRY DYER, FRESNO POLICE DEPARTMENT, FRESNO POLICE OFFICER RICHARD BADILLA, FRESNO POLICE OFFICER MATHEW SILVER<br>    Defendant. | Case No. 1:14-cv-1051-LJO-BAM<br><br>ORDER DENYING MOTION FOR MEDICAL RECORDS FILE (Doc. 8.) |

Plaintiff Mario Dulaney ("Plaintiff") appears to be a pretrial detainee[1] proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on July 3, 2014 and the court screened the complaint and granted Plaintiff leave to amend. On October 24, 2014, Plaintiff filed a First Amended Complaint which is currently pending screening. Plaintiff names Police Chief Jerry Dyer, Fresno Police Officer Richard Badilla, and Fresno Police Officer Mathew Silver as defendants. Plaintiff has consented to magistrate judge jurisdiction.

On October 24, 2014, Plaintiff filed a motion entitled "Court Order of All Medical File." (Doc. 8.) The motion asks that the court order his medical file from Fresno Community Regional Medical Center. The court will construe Plaintiff's Motion as a request for a subpoena

---

[1] The allegations are unclear if Plaintiff is a pretrial detainee or a sentenced prisoner. For purposes of this order, the Court will assume Plaintiff is a pretrial detainee.

1

1  duces tecum to Fresno Community Regional Medical Center for these documents pursuant to
2  Rule 45 of the Federal Rules of Civil Procedure.
3       The request for subpoenas is denied as premature.  The First Amended Complaint, filed
4  on October 24, 2014, has not yet been screened.  The court is required to screen complaints
5  brought by prisoners seeking relief against a governmental entity or officer or employee of a
6  governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion
7  thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state
8  a claim upon which relief may be granted, or that seek monetary relief from a defendant who is
9  immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).  Until the complaint is screened, no
10 claims are pending.  Once the complaint is screened and if it states cognizable claims, the Court
11 will send the complaint out for service on defendants.  Discovery will commence when the court
12 issues an order setting the schedule and terms of discovery, as the court ordinarily does after the
13 defendants file their answers.  The Court will open discovery and then Plaintiff may renew his
14 request for documents, within limits that will be identified at an appropriate time.
15      The request for subpoena is premature and is DENIED, without prejudice.

IT IS SO ORDERED.

Dated:  **January 16, 2015**          /s/ *Barbara A. McAuliffe*  
                                  UNITED STATES MAGISTRATE JUDGE