1

2

3

4

5

6

7

8

# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO DULANEY, | ) Case No. 1:14-cv-1051-LJO-BAM |
| | ) |
| Plaintiff, | ) ORDER DISMISSING AMENDED |
| | ) COMPLAINT WITH LEAVE TO FILE A |
| v. | ) SECOND AMENDED COMPLAINT |
| | ) |
| JERRY DYER, FRESNO POLICE | ) (ECF No. 10) |
| DEPARTMENT, FRESNO POLICE | ) |
| OFFICER RICHARD BADILLA, FRESNO | ) |
| POLICE OFFICER MATHEW SILVER | ) THIRTY-DAY DEADLINE |
| Defendant. | ) |
| | ) |

### SCREENING ORDER

Plaintiff Mario Dulaney ("Plaintiff") appears to be a pretrial detainee[1] proceeding pro se

and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff's First

Amended Complaint ("FAC") filed on October 24, 2014 is before the Court for screening.

Plaintiff has consented to magistrate judge jurisdiction.  Plaintiff names Police Chief Jerry Dyer,

Fresno Police Officer Richard Badilla, and Fresno Police Officer Mathew Silver as defendants.

### Screening Requirement

The Court is required to screen complaints brought by persons proceeding in pro per.  28

U.S.C. § 1915A(a).  Plaintiff's Complaint, or any portion thereof, is subject to dismissal if it is

frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks

---

[1]  The allegations are unclear if Plaintiff is a pretrial detainee or a sentenced prisoner.  For purposes of this order, the Court will assume Plaintiff is a pretrial detainee.  The events arise before plaintiff's arrest.

1

monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences*." Doe I v. Wal-Mart Stores, Inc*., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

While persons proceeding pro se actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, the pleading standard is now higher, *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); *Moss v. United States Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard.  *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); *Moss*, 572 F.3d at 969.

**Plaintiff's Allegations**

Plaintiff's FAC alleges as follows:

"Officer Badilla repeatedly kicked me when I was down on the ground, stopping me without probable cause, falsifying reports, cruel & unusual punishment, based on discrimination using racial profiling, violating Due Process & Equal Protection.  Officer Silver repeatedly hit me with a flashlight when I was down on the ground with Officer Badilla on my back.  Excessive force, Racial

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Profiling, Discrimination, cruel & unusual punishment, violation Due Process &

Equal Protection.  Chief Jerry Dyer, violating Due Process Deritection [sic] of

Duty, Allowing Offers to run rampid [sic] violating police rules, regulations,

policies without any recourse see all officers files for prior disapline [sic]".  (Doc.

10 p. 6.)

Plaintiff requests $2,000,000 in damages for violation of Equal Protection, Due Process,

Discrimination, each, and $1,000,000 in damages for pain and suffering and cruel and unusual

punishment.  Plaintiff also seeks to have medical fees paid, and for the officers and Chief Dyer to

be reprimanded, suspended and an apology issued.  (Doc. 10, p.7.)

## DISCUSSION

As discussed more fully below, Plaintiff's complaint fails to comply with Federal Rule of

Civil Procedure 8 and fails to state a cognizable claim. Plaintiff will be given leave to amend his

complaint. To assist Plaintiff in amending his complaint, the Court provides the following

pleading and legal standards that apply to his claims.

### A. Federal Rule of Civil Procedure 8

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and

plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a).

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause

of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678

(citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a

claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at

555). While factual allegations are accepted as true, legal conclusions are not. *Id.*; see also

*Twombly*, 550 U.S. at 556–557; *Moss*, 572 F.3d at 969.

While the complaint is short, Plaintiff's complaint does not set forth the factual

allegations underlying his claims. Plaintiff fails to describe specific actions taken by the

defendants named in his complaint that violated his constitutional rights.  Labels of violations,

1    such as "Due Process" and "Equal Protection," do not state the factual basis for the claims and

2    therefore fail to satisfy Rule 8.  While Plaintiff alleges some facts as to conduct by Officer

3    Badilla and Officer Silver, the incident is disjointed and does not clearly state what occurred.

4    Plaintiff's complaint must be full and complete in and of itself, and the Court will not refer to

5    other pleadings to piece together potential claims.  Plaintiff elects to amend his complaint, he

6    must set forth factual allegations against each named defendant sufficient to state a claim.

7            "Each allegation must be simple, concise, and direct." Federal Rule of Civil Procedure

8    8(d)(1).  A party must state its claims or defenses in numbered paragraphs, each limited as far as

9    practicable to a single set of circumstances.  Federal Rule of Civil Procedure 10(b). "[E]ach

10   claim founded on a separate transaction or occurrence . . . must be stated in a separate count."

11   Federal Rule of Civil Procedure 10(b).  The function of the complaint is not to list every single

12   fact or attach every document relating to Plaintiff's claims.   Plaintiff shall separate his claims, so

13   that it is clear what are his claims and who are the Defendants involved.  Further, for each claim,

14   Plaintiff shall clearly and succinctly set forth the facts that Plaintiff believes give rise to the

15   claim.

16       **B.  Linkage Requirement**

17       The Civil Rights Act under which this action was filed provides:

18       Every person who, under color of [state law] ... subjects, or causes to be
         subjected, any citizen of the United States ... to the deprivation of any rights,
19       privileges, or immunities secured by the Constitution ... shall be liable to the party
         injured in an action at law, suit in equity, or other proper proceeding for redress.
20

21       42 U.S.C. § 1983.  The statute plainly requires that there be an actual connection or link

22   between the actions of the defendants and the deprivation alleged to have been suffered by

23   Plaintiff. *See Monell v. Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d

24   611 (1978); *Rizzo v. Goode*, 423 U.S. 362, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976). The Ninth

25   Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right,

26   within the meaning of section 1983, if he does an affirmative act, participates in another's

27   affirmative acts or omits to perform an act which he is legally required to do that causes the

28   deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

1    Plaintiff has failed to link Defendants Dyer to any constitutional violation.  If Plaintiff

2  elects to amend his complaint, Plaintiff must link the actions of the defendant to an alleged

3  deprivation.  Conclusory assertions of personal involvement or liability will not suffice.  *Iqbal* at

4  1949-50.  If Plaintiff amends his complaint, he should link each defendant to a deprivation of a

5  constitutional right.  Simply listing persons by their job descriptions in a conclusory manner is

6  not sufficient to satisfy the statutory requirement.

7    **C.  Supervisory Liability**

8    To the extent Plaintiff seeks to hold Defendant Dyer (or any other defendant) liable based

9  upon their supervisory positions, he may not do so.  Liability may not be imposed on supervisory

10  personnel for the actions or omissions of their subordinates under the theory of respondeat

11  superior. *Iqbal*, 556 U.S. at 676–77; *Simmons v. Navajo County, Ariz.,* 609 F.3d 1011, 1020-21

12  (9th Cir. 2010); *Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009); *Jones v.*

13  *Williams*, 297 F.3d 930, 934 (9th Cir. 2002).  Supervisors may be held liable only if they

14  "participated in or directed the violations, or knew of the violations and failed to act to prevent

15  them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); accord *Starr v. Baca*, 652 F.3d 1202,

16  1205-06 (9th Cir. 2011); *Corales v. Bennett*, 567 F.3d 554, 570 (9th Cir. 2009); *Preschooler II v.*

17  *Clark County School Board of Trustees*, 479 F.3d 1175, 1182 (9th Cir. 2007); *Harris v.*

18  *Roderick*, 126 F.3d 1189, 1204 (9th Cir. 1997).

19    Plaintiff has not alleged that Defendant Dyer was personally involved the alleged

20  Constitutional deprivation or that he instituted a deficient policy. It appears that for some of the

21  Defendants Plaintiff is attempting to impose liability not on Defendants' personal involvement,

22  but because they hold positions of authority and/or because of their involvement in criminal

23  justice system, neither of which provides a basis for liability under section 1983.  *Iqbal*, at 1949

24  ("Absent vicarious liability, each Government official, his or her title notwithstanding, is only

25  liable for his or her own misconduct").

26    **D.  Fourth Amendment - Excessive Force**

27    A claim that a law enforcement officer used excessive force in the course of an arrest or

28  other seizure and while an offender is detained post-arrest but pre-arraignment is analyzed under

1    the Fourth Amendment reasonableness standard. *Graham v. Connor*, 490 U.S. 386, 394–95, 109

2    S.Ct. 1865, 104 L.Ed.2d 443 (1989). "Determining whether the force used to effect a particular

3    seizure is 'reasonable' under the Fourth Amendment requires a careful balancing of 'the nature

4    and quality of the intrusion on the individual's Fourth Amendment interests' against the

5    countervailing governmental interests at stake." *Graham*, 490 U.S. at 396 (citations omitted).

6    Whether a law enforcement officer's use of force was "objectively reasonable" depends upon the

7    totality of the facts and circumstances confronting him. *Smith v. City of Hemet*, 394 F.3d 689,

8    701 (9th Cir.) (en banc) (quoting *Graham*, 490 U.S. at 397, 109 S.Ct. at 1872), *cert. denied*, 545

9    U.S. 1128, 125 S.Ct. 2938, 162 L.Ed.2d 866 (2005).

10        "The question is whether the officers' actions are 'objectively reasonable' in light of the

11   facts and circumstances confronting them, without regard to their underlying intent or

12   motivation." *Graham*, 490 U.S. at 397 (citation omitted). Reasonableness must be assessed from

13   the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of

14   hindsight, and must allow for the fact that "police officers are often forced to make split-second

15   judgments—in circumstances that are tense, uncertain, and rapidly evolving—about the amount

16   of force that is necessary in a particular situation." *Graham*, 490 U.S. 397.

17        Plaintiff has failed to state a cognizable claim for excessive force under the Fourth

18   Amendment.  The factual allegations are based upon conclusory labels of claims for relief.  The

19   complaint, while stating Plaintiff was struck while on the ground, fails to factually specify the

20   surrounding circumstances, whether Plaintiff was resisting, and other facts necessary for the

21   Court to assess whether a plausible claim is stated in light of the defendants' conduct.  Plaintiff

22   was informed in the Court's prior Screening Order that an amended complaint superceded the

23   original complaint and that the amended complaint must be complete in itself. (Doc. 6); *See Hal*

24   *Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir.1989) (holding

25   that "[t]he fact that a party was named in the original complaint is irrelevant; an amended

26   pleading supersedes the original").  Plaintiff will be granted leave to amend.  Plaintiff's second

27   amended complaint must contain all claims, defendants, and factual allegations that Plaintiff

28   wishes to pursue in this lawsuit.

1    **E.    Fourth Amendment – Lack of Probable Cause**

2         Plaintiff appears to allege unlawful arrest.  He alleges "falsifying probable cause," which

3    appear to be claiming an unlawful arrest without probable cause. A § 1983 unlawful arrest claim

4    requires the plaintiff to prove a lack of probable cause. *Norse v. City of Santa Cruz*, 629 F.3d

5    966, 978 (9th Cir. 2010), *cert. denied*, 132 S.Ct 112 (2011); *Cabrera v. City of Huntington Park*,

6    159 F.3d 374, 380 (9th Cir.1998). Probable cause is a determination that "the facts and

7    circumstances within [the arresting officer's] knowledge are sufficient for a reasonably prudent

8    person to believe that the suspect has committed a crime." *Rosenbaum v. Washoe County*, 663

9    F.3d 1071, 1076 (9th Cir.2011).

10        Plaintiff has failed to allege any facts that the officers lacked probable cause for stopping

11   him.  Leave to amend will be granted.

12        Plaintiff is informed, however, that his complaint may be *Heck* barred.  It is unclear

13   whether Plaintiff will be able to state a claim for unlawful arrest/search and seizure or excessive

14   force.  *Heck v. Humphrey* may bar any such claims.

15        In *Heck*, the United States Supreme Court held that a section 1983 claim cannot proceed

16   when "a judgment in favor of the plaintiff would necessarily imply the invalidity of his

17   conviction or sentence." *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994). In *Heck v. Humphrey*,

18   the Supreme Court held:

19             [I]n order to recover damages for allegedly unconstitutional conviction or
20        imprisonment, or for other harm caused by actions whose unlawfulness would render a
          conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or
21        sentence has been reversed on direct appeal, expunged by executive order, declared
          invalid by a state tribunal authorized to make such determination, or called into question
22        by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

23        "*Heck*, in other words, says if a criminal conviction arising out of the same facts stands

24   and is fundamentally inconsistent with the unlawful behavior for which section 1983 damages

25   are sought, the 1983 action must be dismissed." *Smithart v. Towery*, 79 F.3d 951, 952 (9th

26   Cir.1996). *Heck*, however, does not bar section 1983 claims arising from events that occurred

1  before or after the conduct for which the plaintiff was convicted. *Smith v. City of Hemet*, 394

2  F.3d 689, 695–96 (9th Cir.2005) (en banc).

3      Plaintiff's claims may be barred by *Heck.* The Court cannot determine from the

4  allegations whether the claims are *Heck* barred and therefore leave to amend will be granted.

5      **F.   Fourteenth Amendment - Equal Protection**

6      The Equal Protection Clause requires that all persons who are similarly situated should be

7  treated alike. *Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001); *City of Cleburne v.*

8  *Cleburne Living Center*, 473 U.S. 432, 439, 105 S.Ct. 3249, 87 L.Ed.2d 313 (1985). To state an

9  Equal Protection claim, Plaintiff must show that the defendants acted with an intent or purpose to

10  discriminate against him based on membership in a protected class, *Lee*, 250 F.3d at 686; *Barren*

11  *v. Harrington*, 152 F.3d 1193, 1194 (1998), cert denied, 525 U.S. 1154 (1999), or that similarly

12  situated individuals were intentionally treated differently without a rational relationship to a

13  legitimate state purpose, *Thornton v. City of St. Helens*, 425 F.3d 1158, 1167 (9th Cir. 2005) (a

14  plaintiff must show that the defendants acted with an intent or purpose to discriminate against the

15  plaintiff based upon membership in a protected class.); *Village of Willowbrook v. Olech*, 528

16  U.S. 562, 564, 120 S.Ct. 1073, 145 L.Ed.2d 1060 (2000).

17      Plaintiff fails to state a cognizable claim for violation of the Equal Protection.   (Doc. 7

18  ¶52-53.)  Plaintiff does not allege a factual basis that he is a member of a protected group who

19  was treated differently.  Plaintiff does not allege the factual basis for being treated differently

20  without a rational relationship to a legitimate state purpose. Here, plaintiff's conclusory

21  allegations of racial profiling are insufficient to state a plausible equal protection claim.

22      **G.  Fourteenth Amendment – Due Process**

23      The Due Process Clause protects Plaintiff against the deprivation of liberty without the

24  procedural protections to which he is entitled under the law. *Wilkinson v. Austin*, 545 U.S. 209,

25  221, 125 S.Ct. 2384, 162 L.Ed.2d 174 (2005). To state a claim, Plaintiff must first identify the

26  interest at stake. *Id.* Liberty interests may arise from the Due Process Clause or from state law.

27  *Id.*  To prevail on a procedural due process claim, a litigant must show (1) that he was deprived

28  of a constitutionally-protected liberty or property interest; (2) "what process is due"; and (3) that

1    he was denied adequate due process under the appropriate standard. *Brewster v. Board of Educ.*

2    *of Lynnwood Unified School Dist.*, 143 F.3d 971, 982 (9th Cir.1998).  The right to substantive

3    due process protects individuals from being deprived of certain fundamental rights; in other

4    words, no amount of government process can justify the taking of these important rights.

5    *Blaylock v. Schwinden*, 862 F.2d 1352, 1354 (9th Cir.1988). The Ninth Circuit has recognized "a

6    clearly established constitutional due process right not to be subjected to criminal charges on the

7    basis of false evidence that was deliberately fabricated by the government.*" Devereaux v. Abbey*,

8    263 F.3d 1070, 1074–75 (9th Cir.2001); *see also Costanich v. Dep't of Soc. & Health Servs*., 627

9    F.3d 1101, 1111 (9th Cir.2010) (relying on *Devereaux* to hold that a state investigator "who

10   deliberately mischaracterizes witness statements in her investigative report also commits a

11   constitutional violation").

12         Plaintiff fails to state any factual bases for denial of Due Process.  The complaint as

13   currently pleaded sets forth only naked assertions without any factual allegations such that the

14   Court may assess whether a plausible claim has been stated.  Leave to amend will be granted.

15   **H.  Prayer Requesting Equitable Relief**

16         The first amended complaint asks in the prayer to have the Court order a reprimand,

17   suspension, and a written apology from Chief Jerry Dyer, Officer Badilla, and Officer Silver.

18   The Court construes this request for relief as a request for injunctive relief.  For each form of

19   relief sought in federal court, Plaintiff must establish standing.  *Mayfield v. United States*, 599

20   F.3d 964, 969 (9th Cir. 2010), *cert.denied*, 131 S. Ct. 503 (2010).  This requires Plaintiff to

21   "show that he is under threat of suffering 'injury in fact' that is concrete and particularized; the

22   threat must be actual and imminent, not conjectural or hypothetical; it must be fairly traceable to

23   challenged conduct of the defendant; and it must be likely that a favorable judicial decision will

24   prevent or redress the injury." *Summers v. Earth Island Institute*, 555 U.S. 488, 493, 129 S. Ct.

25   1142, 1149 (2009) (citation omitted).  The federal court's jurisdiction is limited in nature and its

26   power to issue equitable orders may not go beyond what is necessary to correct the underlying

27   constitutional violations which form the actual case or controversy.  18 U.S.C. § 3626(a)(1)(A);

28   *Summers v. Earth Island Institute*, 555 U.S. 488, 493, 129 S.Ct. 1142, 1149 (2009); *Steel Co. v.*

1    *Citizens for a Better Env't,* 523 U.S. 83, 103-04, 118 S.Ct. 1003 (1998); *City of Los Angeles v.*

2    *Lyons*, 461 U.S. 95, 101, 103 S.Ct. 1660, 1665 (1983); *Mayfield v. United States*, 599 F.3d 964,

3    969 (9th Cir. 2010).

4           The equitable relief requested by Plaintiff is not related to the underlying claims that

5    Defendants used excessive force.  Since the relief sought would not remedy the violation of the

6    Federal right at issue here, the Court cannot grant the requested relief and Plaintiff's prayer for

7    injunctive relief shall be dismissed.  In a second amended complaint, Plaintiff shall not so allege

8    these remedies as the Court is without power to grant the requested equitable relief.   If such

9    remedies are requested, they shall be stricken.

10                                   **CONCLUSION AND ORDER**

11          Plaintiff's amended complaint violates Federal Rule of Civil Procedure 8 and fails to

12   state a cognizable claim.  As noted above, the Court will provide Plaintiff with the opportunity to

13   file a second amended complaint to cure the identified deficiencies.  *Lopez v. Smith*, 203 F.3d

14   1122, 1130 (9th Cir. 2000).  Plaintiff may not change the nature of this suit by adding new,

15   unrelated claims in his second amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir.

16   2007) (no "buckshot" complaints).

17          Plaintiff's second amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must

18   state what the named defendant did that led to the deprivation of Plaintiffs' constitutional rights,

19   *Iqbal*, 556 U.S. at 678-79, 129 S.Ct. at 1948-49.  Although accepted as true, the "[f]actual

20   allegations must be [sufficient] to raise a right to relief above the speculative level. . . ."

21   *Twombly*, 550 U.S. at 555 (citations omitted).  Plaintiff may not change the nature of this suit by

22   adding new, unrelated claims in his amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th

23   Cir. 2007) (no "buckshot" complaints).

24          Finally, an amended complaint supersedes the original complaint, *Forsyth v. Humana*,

25   *Inc.,* 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), and

26   must be "complete in itself without reference to the prior or superseded pleading," Local Rule

27   220.  Therefore, "[a]ll causes of action alleged in an original complaint which are not alleged in

28

1    an amended complaint are waived."  *King*, 814 F.2d at 567 (citing to *London v. Coopers &*

2    *Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981)); *accord Forsyth*, 114 F.3d at 1474.

3         Based on the foregoing, it is HEREBY ORDERED that:

4         1.    Plaintiff's first amended complaint is dismissed for failure to state a cognizable

5    claim;

6         2.    Within thirty (30) days from the date of service of this order, Plaintiff shall file a

7    second amended complaint;

8         3.    <u>If Plaintiff fails to file a second amended complaint in compliance with this order,</u>

9    <u>this action will be dismissed for failure to obey a court order.</u>

10

11   IT IS SO ORDERED.

12       Dated:   **January 21, 2015**        /s/ *Barbara A. McAuliffe*

13                                      UNITED STATES MAGISTRATE JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28