# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO DULANEY,<br><br>       Plaintiff,<br><br>    v.<br><br>JERRY DYER, FRESNO POLICE DEPARTMENT, FRESNO POLICE OFFICER RICHARD BADILLA, FRESNO POLICE OFFICER MATHEW SILVER<br>       Defendant. | Case No. 1:14-cv-1051-LJO-BAM<br><br>ORDER DENYING REQUEST FOR INJUNCTIVE RELIEF<br><br>(ECF No. 9) |

Plaintiff Mario Dulaney ("Plaintiff") appears to be a pretrial detainee proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On October 24, 2014, Plaintiff filed a motion requesting the Court to permit non-collect calls to help with all the legalities of the case. (Doc. 9.) The Court will construe Plaintiff's motion as request for a temporary restraining order/preliminary injunction to compel prison officials to allow telephone calls. Plaintiff has consented to the jurisdiction of the Magistrate Judge. (Doc. 4.)

The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. *University of Texas v. Camenisch*, 451 U.S. 390, 395, 101 S.Ct. 1830, 68 L.Ed.2d 175 (1981). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 129 S.Ct. 365, 374, 172 L.Ed.2d 249 (2008). "[A] preliminary

1

injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972, 117 S.Ct. 1865, 138 L.Ed.2d 162 (1997) (quotations and citations omitted) (emphasis in original).

Federal courts are courts of limited jurisdiction, and as a preliminary matter, the court must have before it an actual case or controversy. *City of Los Angeles v. Lyons*, 461 U.S. 95, 102, 103 S.Ct. 1660, 75 L.Ed.2d 675 (1983); *Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc.*, 454 U.S. 464, 471, 102 S.Ct. 752, 70 L.Ed.2d 700 (1982). If the court does not have an actual case or controversy before it, it has no power to hear the matter in question. *Lyons*, 461 U.S. at 102. Thus, "[a] federal court may issue an injunction [only] if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." *Zepeda v. United States Immigration Serv.*, 753 F.2d 719, 727 (9th Cir.1985).

The pendency of this action does not give the Court jurisdiction over prison officials in general. *Summers v. Earth Island Institute*, 555 U.S. 488, 491–93, 129 S.Ct. 1142, 173 L.Ed.2d 1 (2009); *Mayfield v. United States*, 599 F.3d 964, 969 (9th Cir.2010). The Court's jurisdiction is limited to the parties in this action and to the viable legal claims upon which this action is proceeding. *Summers*, 555 U.S. at 491–93; *Mayfield*, 599 F.3d at 969.

Plaintiff seeks a temporary restraining order/preliminary injunction ordering prison officials to permit non-collect telephone calls. However, Plaintiff has not met the requirements for a preliminary injunction.  Further, this Court does not have jurisdiction over prison officials. Finally, the Court dismissed the amended complaint with leave to amend and no claims are currently pending. Accordingly, Plaintiff's motion for non-collect calls, construed as a motion a motion for temporary restraining order/ preliminary injunction, is DENIED.

IT IS SO ORDERED.

Dated:   **January 21, 2015**              /s/ Barbara A. McAuliffe
                                        UNITED STATES MAGISTRATE JUDGE