# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO DULANEY,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>JERRY DYER, FRESNO POLICE DEPARTMENT, FRESNO POLICE OFFICER RICHARD BADILLA, FRESNO POLICE OFFICER MATHEW SILVER<br>　　　　Defendants. | Case No. 1:14-cv-1051-LJO-BAM<br><br>ORDER DENYING REQUEST FOR DISCOVERY WITHOUT PREJUDICE<br><br>ORDER DISMISSING SECOND AMENDED COMPLAINT WITH LEAVE TO AMEND<br><br>(ECF No. 18)<br><br>THIRTY-DAY DEADLINE |

### SCREENING ORDER

Plaintiff Mario Dulaney ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's Second Amended Complaint ("SAC") filed on January 30, 2015, is before the Court for screening. Plaintiff names Fresno Police Officer Richard Badilla and Fresno Police Officer Mathew Silver as defendants. Plaintiff's action concerns events that occurred prior to his incarceration.

### Screening Requirement

The Court is required to screen complaints brought by prisoners proceeding in pro per. 28 U.S.C. § 1915A(a). Plaintiff's Complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences*." Doe I v. Wal-Mart Stores, Inc*., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Persons proceeding pro se are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); *Moss v. United States Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949; *Moss*, 572 F.3d at 969.

**Plaintiff's Discovery Requests**

A substantial portion of Plaintiff's second amended complaint appears to be a request for discovery. (Doc. 18 at 1, 6-9.) Such a request is premature and is HEREBY DENIED without prejudice. The Court has not ordered the complaint served and no defendant has appeared in this action.

**Plaintiff's Allegations**

Plaintiff alleges: On the night of July 11, 2013, Plaintiff was riding his bike on Belmont Avenue in Fresno, California. According to Officer Badilla, Plaintiff was riding his bike without a light. Officer Badilla stopped Plaintiff, who subsequently turned on a white light on his handlebars. Plaintiff reportedly then consented to a search. Plaintiff asserts that the police report is false as to these facts. Plaintiff alleges that he was riding his bike with the light illuminated

1  and Officer Badilla had no reason to stop him.  Plaintiff also never indicated to Officer Badilla
2  that he could conduct a search.

3       Although not clear, Plaintiff appears to allege that Officer Badilla falsely reported that
4  Plaintiff got off his bike and rode away.  Plaintiff contends that he never got off his bike, but
5  continued riding believing that Officer Badilla had no legitimate reasons to stop him.  Plaintiff
6  alleges that this angered Office Badilla, who subsequently gave chase.  Officer Badilla
7  reportedly stated that Plaintiff crashed into a chain link fence while riding his bike.  Plaintiff
8  alleges that the police report also is false as to these facts.  Plaintiff alleges that Officer Badilla
9  pushed his bike, causing Plaintiff to crash into the fence.  Plaintiff further alleges that this caused
10 him to be fearful of Officer Badilla and begin to run.

11      Plaintiff also alleges that after a chase, Plaintiff came to a slow jog near 365 N. Effie.
12 According to Officer Badilla, he asked Plaintiff to get onto the ground, but Plaintiff failed to
13 comply and began reaching for the front of his waistband area.  Plaintiff was caused to fall.
14 Plaintiff alleges that it was impossible for Officer Badilla to have seen that Plaintiff was reaching
15 toward his waistband with both hands if Plaintiff had his back to the officer allowing Plaintiff to
16 be pushed back.  Plaintiff further alleges that he surrendered himself to the officer by ceasing to
17 run and the officer intentionally pushed him in the back out of spite.  Plaintiff contends that the
18 use of force was excessive and unjustified and the police report is false as to these facts.

19      Officer Badilla also reportedly states in his report that Plaintiff turned over onto his
20 buttocks after being pushed from behind, exposing his hands and making it clear he had no
21 weapons. Officer Badilla allegedly stated that he was concerned about Plaintiff's waistband area
22 and kicked Plaintiff to maintain distance.  Plaintiff contends that Officer Badilla never indicated
23 that Plaintiff was attempting to get up, coming after him or reaching for his waistband.  Plaintiff
24 alleges that this was an unjustified and excessive use of force.

25      Officer Badilla reportedly alleged that after 5 seconds, Plaintiff began to reach for his
26 waistband and seemed as though he was trying to get back to his feet.  Plaintiff contends that this
27 is false as he was compliant with all commands of the officer and stayed on the ground.  Officer
28 Badilla allegedly repeatedly kicked Plaintiff while he was on the ground.  Plaintiff asserts that

the only movement he made was defensive.  Officer Badilla mentioned that he continued to kick Plaintiff to maintain distance between them, but then put a knee to Plaintiff's back and got on top of Plaintiff prior to Officer Silver arriving.  Plaintiff asserts that the police report is false and misleading as to these facts and the force used was excessive.

Officer Silver reportedly mentions in his police report that he saw Plaintiff with his right hand pinned under his body while Officer Badilla was on top of him.  Officer Silver indicated that he yelled for Plaintiff to get on the ground.  Plaintiff contends that these statements are not supported by Officer Badilla's police report, which makes no mention of this.

Officer Silver reportedly indicated that Plaintiff would not provide his hands and Officer Silver had to strike him with a flash light to gain compliance.  Plaintiff alleges that he was not concealing his hands, but was kicked to the point where he fell to his belly and grabbed himself in pain.  Plaintiff did not struggle with officers as indicated in the police report and did not resist by failing to provide his arm.

Officer Silver then approached Plaintiff and hit him in the back with his flashlight on two separate occasions.  At no point did Plaintiff resist during this encounter.  If he moved his hands, it was an instinctive reaction to the pain being inflicted.  Plaintiff contends that the use of force was unjustified and the police report was false as to these facts.

Plaintiff further alleges that an ambulance had to be called so that Plaintiff could receive medical attention.  Plaintiff was injured to the point that he could not move.

## DISCUSSION

**A.  Fourth Amendment - Excessive Force**

A claim that law enforcement officers used excessive force in the course of an arrest or other seizure and while an offender is detained post-arrest but pre-arraignment is analyzed under the Fourth Amendment reasonableness standard. *Graham v. Connor*, 490 U.S. 386, 394–95, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989). "Determining whether the force used to effect a particular seizure is 'reasonable' under the Fourth Amendment requires a careful balancing of 'the nature and quality of the intrusion on the individual's Fourth Amendment interests' against the countervailing governmental interests at stake." *Graham*, 490 U.S. at 396 (citations omitted).

Whether a law enforcement officer's use of force was "objectively reasonable" depends upon the totality of the facts and circumstances confronting him. *Smith v. City of Hemet*, 394 F.3d 689, 701 (9th Cir.) (en banc) (quoting *Graham*, 490 U.S. at 397, 109 S.Ct. at 1872), *cert. denied*, 545 U.S. 1128, 125 S.Ct. 2938, 162 L.Ed.2d 866 (2005).

"The question is whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Graham*, 490 U.S. at 397 (citation omitted). Reasonableness must be assessed from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight, and must allow for the fact that "police officers are often forced to make split-second judgments—in circumstances that are tense, uncertain, and rapidly evolving—about the amount of force that is necessary in a particular situation." *Graham*, 490 U.S. 397.

Plaintiff has not stated a cognizable claim against Officer Badilla for chasing him, pushing his bicycle into the fence or knocking him to the ground. Plaintiff admits that he did not stop riding his bicycle, believing that Officer Badilla did not have a legitimate reason for stopping him. When Plaintiff failed to obey Officer Badilla's orders, Officer Badilla then was forced to chase Plaintiff and subsequently stop him from fleeing. *Graham*, 490 U.S. at 396 (proper application of Fourth Amendment requires consideration of facts and circumstances, including whether the suspect is actively resisting arrest or attempting to evade arrest by flight).

Nonetheless, at the pleading stage, Plaintiff may be able to state a cognizable claim against Officer Badilla arising from the repeated kicking of Plaintiff after he was on the ground. Plaintiff also may be able to state a cognizable claim against Officer Silver for repeatedly striking him in the back with a flashlight. However, as discussed more fully below, the Court cannot determine whether Plaintiff's excessive force claims are barred by the doctrine of *Heck v. Humphrey*. Plaintiff will be given a final opportunity to amend his claims.

**B. Fourth Amendment – Lack of Probable Cause**

Plaintiff appears to allege unlawful arrest. (Doc. 18 at 1.) A § 1983 unlawful arrest claim requires the plaintiff to prove a lack of probable cause. *Norse v. City of Santa Cruz*, 629 F.3d 966, 978 (9th Cir. 2010), *cert. denied*, 132 S.Ct 112 (2011). Probable cause is a

determination that "the facts and circumstances within [the arresting officer's] knowledge are sufficient for a reasonably prudent person to believe that the suspect has committed a crime." *Rosenbaum v. Washoe County*, 663 F.3d 1071, 1076 (9th Cir.2011).

Plaintiff has failed to allege a lack of probable cause. Plaintiff admits that he did not stop and get off his bike, but instead rode away believing that Officer Badilla had no legitimate reason to stop him. Plaintiff's decision to ride away from Officer Badilla, when asked to stop, and lack of cooperation, demonstrates probable cause for the subsequent efforts to detain and arrest him.

### C. *Heck* Bar

Plaintiff is again informed that his complaint may be barred. Specifically, *Heck v. Humphrey* may bar any claims for unlawful arrest/search and seizure or excessive force.

In *Heck*, the United States Supreme Court held that a section 1983 claim cannot proceed when "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). The Supreme Court stated:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

*Id.* at 486-87. "*Heck*, in other words, says if a criminal conviction arising out of the same facts stands and is fundamentally inconsistent with the unlawful behavior for which section 1983 damages are sought, the 1983 action must be dismissed." *Smithart v. Towery*, 79 F.3d 951, 952 (9th Cir. 1996). *Heck*, however, does not bar section 1983 claims arising from events that occurred before or after the conduct for which the plaintiff was convicted. *Smith v. City of Hemet*, 394 F.3d 689, 695–96 (9th Cir. 2005) (en banc).

Based on Plaintiff's current address at the California Rehabilitation Center, it appears Plaintiff is currently in state custody following conviction for a crime. Plaintiff's claims

therefore may be barred by *Heck.* However, the Court cannot determine from the current allegations whether the claims are *Heck* barred. In other words, the Court cannot determine whether or not Plaintiff was convicted for a crime arising out of the same facts alleged in this action. Accordingly, a final opportunity to amend will be granted. Any such amendment must include not only the factual grounds for Plaintiff's claims, but also whether Plaintiff was convicted for a crime related to the events in this action and, if so, whether any such conviction has been overturned or invalidated. Plaintiff has been cautioned of this requirement in prior orders.

## **CONCLUSION AND ORDER**

Plaintiff's amended complaint fails to state a cognizable claim. As noted above, the Court will provide Plaintiff with a final opportunity to amend his claims and cure the identified deficiencies. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his second amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's third amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what the named defendant did that led to the deprivation of Plaintiffs' constitutional rights, *Iqbal*, 556 U.S. at 678-79, 129 S.Ct. at 1948-49. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." *Twombly*, 550 U.S. at 555 (citations omitted).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. *Lacey v. Maricopa Cty.,* 693 F.3d 896, 927 (9th Cir. 2012) (en banc). Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's second amended complaint is dismissed for failure to state a cognizable claim;

2. Within thirty (30) days from the date of service of this order, Plaintiff shall file a third amended complaint; and

3. <u>If Plaintiff fails to file a third amended complaint in compliance with this order, this action will be dismissed for failure to obey a court order.</u>

IT IS SO ORDERED.

Dated:   **October 13, 2015**                    /s/ Barbara A. McAuliffe            
                                                          UNITED STATES MAGISTRATE JUDGE